UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CHRISTINE GAROFALO**         : | **CIVIL ACTION NO.:** |
|     **Plaintiff**                                  : | |
|                                                                : | |
| **v.**                                                         : | |
|                                                                : | |
| **VALSPAR CORPORATION**    : | |
|     **Defendant**                           : | **MAY 18, 2012** |

# COMPLAINT

## INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay overtime compensation to Plaintiff, in violation of federal and state wage and hour laws, and its retaliation against Plaintiff for her opposition to its unlawful conduct.

2. Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq.* (hereinafter "CMWA").

## PARTIES

3. Plaintiff, Christine Garofalo ("Plaintiff" or "Garofalo"), is an individual who at all times relevant to this Complaint resided in Oxford, Connecticut. At all times relevant to this Complaint, Plaintiff was employed by Valspar Corporation.

4. Valspar Corporation ("Defendant"), is incorporated in the State of Delaware and has its principal place of business located in Minneapolis, Minnesota. Defendant maintains its corporate headquarters at 114 8th South Street, Minneapolis, MN 55402. At all relevant times, Defendant has been continuously engaged as an employer in interstate commerce and/or the

production of goods for commerce, within the meaning of FLSA, 29 U.S.C. Sections 206(a) and 207(a).  Additionally, at all relevant times, Defendant has continuously transacted business in the State of Connecticut.

**JURISDICTION**

5.	The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.  The Court has pendent jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's statutory claims under Connecticut law.

**FACTUAL BACKGROUND**

6.	Defendant Valspar manufactures and distributes paints and stains for consumer use under the registered trade names, Valspar, Quikcrete, and Cabot (together "Valspar Paints and Stains").

7.	Valspar's Paints and Stains are sold at Lowe's home improvement stores operated by Lowe's Companies, Inc. throughout the United States.

8.	Plaintiff commenced her employment with Defendant on or about December 9, 2009.

9.	Valspar has employed Plaintiff as a Territory Manager to be responsible for inventory management, event and brand marketing and product training at assigned Lowe's stores within a designated geographic region.

10.	The principal job duties of Plaintiff are to make sure that Valspar's Paints and Stains are properly stocked, priced and displayed within the shelf space Valspar has negotiated at each of the Territory Manager's assigned stores.

11. As Territory Manager, Plaintiff also provides product knowledge training sessions to store personnel and engages in in-store sales conversations/demonstrations with Lowe's customers.

12. Plaintiff's job duties and responsibilities require no technical or specialized skills and no capital investment.

13. Despite the title of "Territory Manager," Plaintiff, in fact, does not have any managerial responsibilities, nor does she have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of other employees.

14. In reality, Plaintiff does not exercise any independent judgment in carrying out her duties, which are instead dictated and monitored by Regional Managers based on directives from executive and marketing personnel at Valspar's Minneapolis headquarters.

15. Valspar has misclassified Plaintiff as an exempt employee under the FLSA during all times relevant to these claims.

16. Based on this willful and deliberate misclassification, Valspar has justified requiring Plaintiff to work hours well in excess of 40 hours a week, without any compensation (straight time or overtime) for those hours beyond the 40-hour week, in violation of the FLSA.

17. Valspar requires Plaintiff to work a total of at least eight hours a day from the time that she first arrives at a Lowe's Store until leaving her last Lowe's Store.

18. During the relevant time period, Valspar has required Plaintiff to work at least eight hour workdays on up to nine Saturdays per year, without compensation.

19. Valspar does not compensate Plaintiff for any portion of the time spent commuting between her home and the first or last Lowe's store serviced by her on a given

workday, even where such commute time far exceeds one hour, which the Department of Labor has typically regarded as a reasonable amount of non-compensable commute time.

20. Thus, Plaintiff often spends as many as two to three hours each day in compensable travel time beyond the hours worked within the Lowe's stores. Due to Valspar's misclassification of Plaintiff as an exempt employee, she has not been compensated at all, let alone as overtime.

21. Plaintiff is also required to perform additional job functions and engage in other indispensable activities, including certain administrative tasks such as reporting, responding to company emails, completing training modules, and participating in weekly conference calls. Valspar does not permit these additional job functions to be performed during the workday. Due to Valspar's misclassification of Plaintiff as exempt employee, such additional job functions and indispensable activities are performed by her without any compensation.

22. Throughout her tenure as a Territory Manager, including during the time period relevant to this Complaint, Valspar has failed to maintain accurate and sufficient time records for Plaintiff.

**COUNT ONE:    VIOLATION OF THE FAIR LABOR STANDARDS ACT**

23. Based on the foregoing Paragraphs 1 through 22, Defendant has violated the Fair Labor Standards Act.

24. During Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate.

25. Defendant's failure to pay Plaintiff overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was willful.

26. By virtue of the above, Defendant violated the FLSA.

27. As a result of Defendant's willful violation of FLSA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, liquidated damages, attorneys' fees and costs.

**COUNT TWO:    VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

28. Based on the foregoing Paragraphs 1 through 22, Defendant has violated the Connecticut Minimum Wage Act.

29. During Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate.

30. Defendant's failure to pay Plaintiff overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was willful.

31. By virtue of the above, Defendant violated the CMWA.

32. As a result of Defendant's willful violation of CMWA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, liquidated damages, attorneys' fees and costs.

**COUNT THREE:    RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS ACT**

33. Based on the foregoing Paragraphs 1 through 22, and the additional allegations stated in this Count Three, Defendant has retaliated against Plaintiff in violation of the Fair Labor Standards Act.

34. On March 15, 2012, Plaintiff complained to Defendant, through her legal counsel, that Defendant had failed to pay her overtime compensation in violation of the Fair Labor Standards Act.

35. Thereafter, Defendant engaged in acts of retaliation against Plaintiff, including, but not limited to, terminating Plaintiff's employment on April 26, 2012.

36. Plaintiff engaged in protected activity under the FLSA.

37. Defendant had knowledge of Plaintiff's protected activity.

38. Defendant took adverse actions against Plaintiff shortly after her protected activity, and there is a causal connection between Plaintiff's protected activity and Defendant's adverse actions against Plaintiff for that protected activity.

39. Defendant's violation of the FLSA was willful.

40. Plaintiff has sustained damages as a result of Defendant's willful violation of the FLSA, including, but not limited to, lost compensation and benefits, liquidated damages, attorney's fees and costs.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff claims:

1. Unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

2. Unpaid overtime wages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq.*;

3. Liquidated damages under the Fair Labor Standards At, 29 U.S.C.§ 201 *et seq.*;

4. Liquidated damages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

5. Compensatory damages, including lost compensation and benefits, emotional distress, mental anguish, loss of enjoyment, and lost promotion;

6. Reinstatement and/or Front Pay;

7. Interest;

8. Costs;

9. Statutory and/or common law attorneys' fees; and

10. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Plaintiff, Christine Garofalo


By: /s/ Todd D. Steigman
William G. Madsen (ct09853)
Todd D. Steigman (ct26875)
Madsen, Prestley & Parenteau, LLC
44 Capitol Ave, Suite 201
Hartford, CT 06106
Tel.: (860) 246-2466   Fax: (860) 246-1794
wmadsen@mppjustice.com
tsteigman@mppjustice.com
Attorneys for Plaintiff